UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------X

WEISMAN CELLER SPETT & MODLIN, P.C.,          :
                                                              :
                                        Plaintiff,            :
                                                              :
                -v-                                           :
                                                              :
TRANS-LUX CORP.,                                   :
                                                              :
                                        Defendant.            :
                                                              :
--------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/14/12

12 Civ. 5141 (JMF)

MEMORANDUM OPINION
AND ORDER

JESSE M. FURMAN, United States District Judge:

Plaintiff Weisman Celler Spett & Modlin, P.C., a law firm appearing *pro se*, brings this

action against Defendant Trans-Lux Corporation to recover amounts allegedly owed for

professional services.  (Compl. ¶¶ 6-8).[1]  Defendant moves to dismiss or, in the alternative, to

transfer the case to the United States District Court for the District of Connecticut, asserting the

absence of personal jurisdiction, improper venue, and that the balance of conveniences favors the

District of Connecticut.  (Docket No. 13).  For the reasons discussed below, Defendant's motion

is DENIED.

## BACKGROUND

In the absence of discovery or an evidentiary hearing, a plaintiff seeking to defeat a

motion to dismiss pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure for absence

of personal jurisdiction or pursuant to Rule 12(b)(3) for improper venue need only make a prima

facie showing that jurisdiction exists and venue is proper.  *See, e.g., Gulf Ins. Co. v.

Glasbrenner*, 417 F.3d 353, 355 (2d Cir. 2005).  Such a showing "entails making 'legally

sufficient allegations . . . ,' including 'an averment of facts that, if credited[,] would suffice'" to

---

[1]         "Compl." refers to the Amended Complaint (Docket No. 11).

establish that jurisdiction exists and venue is proper. *Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 35 (2d Cir. 2010) (quoting *In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 206 (2d Cir. 2003) (per curiam) (internal quotation marks and ellipsis omitted)).  A court must therefore "view[] all facts in the light most favorable to the non-moving party." *TradeComet.com LLC v. Google, Inc.*, 647 F.3d 472, 475 (2d Cir. 2011).  Accordingly, the following facts, drawn from the Amended Complaint, are accepted as true and viewed in the light most favorable to Plaintiff for purposes of deciding the present motion.

Plaintiff is a law firm based in New York.  (Compl. ¶ 1; *id.* Ex. A).  Defendant, a corporation incorporated in Delaware with its principal place of business in Connecticut, is registered with the New York Secretary of State and authorized to do business in New York State.  (*Id.* ¶ 2; Decl. of Angela D. Toppi Ex. (Docket No. 15)).  From 2008 through July 30, 2010, Plaintiff performed legal services for Defendant.  (Compl ¶ 6).  On at least fourteen occasions during that time period, Plaintiff submitted invoices to Defendant for services rendered and disbursements incurred on behalf of Defendant.  (*Id.* ¶ 11).  Defendant made several payments, but did not cover all of the amounts due.  (*Id.* ¶¶ 19, 36).  Plaintiff therefore brought this lawsuit.

As noted, Defendant moves to dismiss or transfer.  (Docket No. 13).  As part of its opposition to Defendant's motion, Plaintiff attached the minutes of a meeting of Defendant's Board of Directors to a Declaration of Howard Modlin (the "Modlin Declaration"), a partner of Plaintiff and a former member of Defendant's Board.  (Docket No. 17).  Defendant objected to the inclusion of the minutes, claiming that they contained confidential information.  (Docket No. 21).  The Court ordered that any party wishing the minutes to remain sealed should submit a letter application to that effect.  (*Id.*).  Both parties submitted letters proposing the filing of

2

redacted versions of the minutes.  (Docket Nos. 22, 23).  Following this letter briefing, the Court

ordered that the Modlin Declaration be kept under seal pending further order of the Court and

that Plaintiff publicly file the Declaration without the contested Board minutes.  (Docket No. 22).

## DISCUSSION

As noted, Defendant moves for dismissal or transfer on three grounds: (1) the absence of

personal jurisdiction; (2) improper venue; and (3) that the balance of convenience favors

Connecticut.  (Def.'s Mem. of Law at 1).  The Court will address these arguments in turn.

## A. Personal Jurisdiction

Under New York Law, a foreign corporation is subject to general personal jurisdiction

if it is "present" and "doing business" in New York State.  *See, e.g.*, *Wiwa v. Royal Dutch

Petroleum Co.*, 226 F.3d 88, 95 (2d Cir. 2000).  More specifically, New York law is "well-

settled" that a corporation that has registered to do business in New York pursuant to New York

Business Corporation Law ("N.Y.B.C.L.") Section 1304 is deemed to be "doing business" here

and thus subject to personal jurisdiction.  *See, e.g.*, *STX Panocean (UK) Co., Ltd. v. Glory

Wealth Shipping Pte Ltd.*, 560 F.3d 127, 131 (2d Cir. 2009).  The contrary cases cited by

Defendant (Def.'s Mem. of Law at 10; Def.'s Reply Mem. of Law at 2-3), are either from outside

the Second Circuit or represent a minority position rejected by "the majority of federal district

courts and New York courts which hold that a filing for authorization to do business in New

York is sufficient to subject a foreign corporation to general personal jurisdiction in New York."

*Rockefeller Univ. v. Ligand Pharms.*, 581 F. Supp. 2d 461, 466 (S.D.N.Y. 2008) (quoting *Chong

v. Healthtronics, Inc.*, No. 06 CV 1287 (SJF) (MLO), 2007 WL 1836831, at *6 (E.D.N.Y. June

20, 2007)).

In the present case, there is no dispute that Defendant is registered with the New York Secretary of State pursuant to N.Y.B.C.L. Section 1304 and thus authorized to do business here. (Def.'s Mem. of Law at 9; Toppi Decl. Ex. A; Pl.'s Mem. of Law at 8).  Indeed, Defendant itself submitted its registration information in support of its motion.  (Toppi Decl. Ex. A).  Instead, Defendant contends that it should not be considered fully registered or authorized to do business in New York because it has not designated the Secretary of State as its agent for service of process.  (Def.'s Mem. of Law at 9).  That argument is meritless, however, in light of N.Y.B.C.L. Section 304, which states that "[t]he secretary of state shall be the agent of . . . every authorized foreign corporation upon whom process against the corporation may be served."  N.Y.B.C.L. § 304(a).  In fact, the statute explicitly states that "[e]very . . . foreign corporation . . . which has not designated the secretary of state as such agent, shall be deemed to have done so."  *Id.* § 304(c).

In short, by "maintaining an active authorization to do business and not taking steps to surrender it as it has a right to do, defendant was on constructive notice that New York deems an authorization to do business as consent to jurisdiction."  *Rockefeller Univ.*, 581 F. Supp. 2d at 466.  As this is sufficient to establish personal jurisdiction over Defendant, the Court need not address Defendant's other arguments regarding the absence of personal jurisdiction.

## B.  Venue

It follows that Defendant's contention that venue is improper in this district is similarly meritless.  Under Title 28, United States Code, Section 1391, venue is proper in any "judicial district in which any defendant resides."  28 U.S.C. § 1391(b)(1).  Further, a defendant corporation is deemed to reside "in any judicial district in which such defendant [corporation] is

4

subject to the court's personal jurisdiction." *Id.* § 1391(c)(2). As there is personal jurisdiction over Defendant, venue is plainly proper in this district.

## C.  Balance of Conveniences

Pursuant to Title 28, United States Code, Section 1404, a court may transfer a case "[f]or the convenience of parties and witnesses" or "in the interest of justice." 28 U.S.C. § 1404(a). The factors to be considered in determining whether to grant a motion to transfer venue include:

> "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties."

*N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (quoting *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106-07 (2d Cir. 2006)). District courts enjoy "broad discretion" in making "case-by-case" determinations of convenience. *D.H. Blair*, 462 F.3d at 106 (citing *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 117 (2d Cir. 1992)).

Here, the factors weigh against transfer. First, Plaintiff has chosen the present forum, "a decision that is given great weight." *Id.* at 107. Second, New York is a convenient forum for all of the parties, as Plaintiff is located in New York (a fact of which Defendant was well aware when it retained Plaintiff to perform its legal services). Moreover, by Defendant's own admission, only two of Defendant's witnesses currently reside in Connecticut (Def.'s Mem. of Law at 3), while all of Plaintiff's potential witnesses reside in New York or New Jersey (Pl.'s Mem. of Law at 14). Additionally, New York and Connecticut are neighboring states, a fact militating against transfer, as the inconvenience of litigating in a neighboring state is minimal. *Cf. D.H. Blair*, 462 F.3d at 107 (finding New York to be a convenient forum where the defendant parties resided in New Jersey). Finally, Defendant does not dispute that witnesses, documents,

and evidence are either in New York or subject to the Court's powers to compel their availability.

**D.  Minutes of the Board of Directors Meeting**

In making the foregoing decisions, the Court did not consider the Board minutes attached to the sealed version of the Modlin Declaration (Docket No. 17).  Accordingly, the common law presumption in favor of access to "judicial documents" does not apply, *see, e.g.*, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (reaffirming that "the mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access" and that, "[i]n order to be designated a judicial document, the item filed must be relevant to the performance of the judicial function and useful in the judicial process" (internal quotation marks omitted)), and the minutes may remain sealed unless and until the Court orders otherwise.

**CONCLUSION**

For the reasons discussed above, Defendant's Motion to Dismiss or Transfer the case is DENIED.  The Clerk of the Court is directed to terminate the motion (Docket No. 13).

The initial pretrial conference originally scheduled for September 27, 2012, but adjourned *sine die* in light of this motion, is hereby rescheduled for **December 6, 2012,** at **3:30 p.m.**  No later than the Thursday before that conference, the parties shall submit a Proposed Case Management Plan and Joint Letter as directed by the Court's Order of July 13, 2012.  (Docket No. 2).

SO ORDERED.

Dated: November 14, 2012
       New York, New York

JESSE M. FURMAN
United States District Judge

6