```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
WEISMAN CELLER SPETT & MODLIN, P.C.,            :
                                                :
                        Plaintiff,              :
                                                :        12 Civ. 5141 (JMF)
           -v-                                  :
                                                :        MEMORANDUM OPINION
TRANS-LUX CORP.,                                :              AND ORDER
                                                :
                        Defendant.              :
                                                :
------------------------------------------------------------------------X
```

*USDC SDNY*
*DOCUMENT*
*ELECTRONICALLY FILED*
*DOC #:_____*
*DATE FILED: May 21, 2013*

JESSE M. FURMAN, United States District Judge:

Plaintiff Weisman Celler Spett & Modlin, P.C. ("Weisman Celler"), a law firm, sues Defendant Trans-Lux Corporation ("Trans-Lux") to recover amounts allegedly owed for professional services. (Compl. ¶¶ 6-8).[1] Defendant now moves for leave to file an amended Answer with additional affirmative defenses and new counterclaims. (Docket No. 39). For the reasons discussed below, Defendant's motion is granted in part and denied in part.

## BACKGROUND

Plaintiff, a law firm based in New York (Compl. ¶ 1; *id.* Ex. A), alleges that Defendant, a Delaware corporation with its principal place of business in Connecticut (*id.* ¶ 2; Decl. of Angela D. Toppi Ex. A (Docket No. 15)), has not fully paid for legal services Plaintiff performed on Defendant's behalf between 2008 and July 30, 2010 (Compl ¶¶ 6, 19, 36). On November 14, 2012, this Court denied Defendant's motion to dismiss or transfer venue, and subsequently adopted a modified version of the parties' proposed Civil Case Management Plan and Scheduling Order ("CMP"). (*See* Docket Nos. 26, 32). As part of the CMP, the Court set a deadline of February 7, 2013 for any motion to amend the pleadings. After several extensions of

---

[1] "Compl." refers to the Amended Complaint (Docket No. 11).

that deadline, Defendant filed a motion for leave to file an amended answer with affirmative defenses and counterclaims on February 28, 2013.  (Docket No. 39).

In its proposed amended answer, Defendant alleges counterclaims arising out of Plaintiff's long representation of Defendant as "General Counsel."  (Proposed Am. Answer 10 ("PAA") (Docket No. 41-1)).  Specifically, Defendant claims that Plaintiff breached its fiduciary duty by representing both Defendant and one of Defendant's directors, Richard Brandt, in the negotiation of a consulting agreement that paid significant and unwarranted sums to Brandt (First Counterclaim); aided and abetting Brandt's breach of his own fiduciary duty (Second Counterclaim); breached its fiduciary duty by simultaneously representing Defendant, Brandt, and Brandt's two sons in litigation affecting them all (Third Counterclaim); was unjustly enriched through the charging of excessive fees (Fourth Counterclaim); and breached its fiduciary duty by charging excessive fees (Fifth Counterclaim).  (*Id.* at 14-25).  Defendant also seeks declaratory relief that the fees sought by Plaintiff "are excessive, unauthorized, and/or otherwise inappropriate and improper" (Sixth Counterclaim).  (*Id.* at 25).

## DISCUSSION

### A.  Legal Standards

Rule 15 of the Federal Rules of Civil Procedure provides that courts "should freely give leave" to amend a pleading "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Accordingly, "[t]he Second Circuit has held that a Rule 15(a) motion should be denied only for such reasons as undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party."  *Aetna Cas. & Sur. Co. v. Aniero Concrete Co., Inc.*, 404 F.3d 566, 603-04 (2d Cir. 2005) (internal quotation marks omitted).  Although "undue delay" is a factor, "[m]ere delay, . . . absent a showing of bad faith or undue prejudice, does not provide a

basis for the district court to deny the right to amend." *Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008) (internal quotation marks omitted).  Further, an amendment is not "futile" if it could withstand a motion to dismiss under Rule 12(b)(6).  *See, e.g.*, *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012).  To survive a Rule 12(b)(6) motion, the plaintiff must plead sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  A complaint that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

**B. Analysis**

As an initial matter, although Plaintiff purports to oppose Defendant's motion in its entirety (*see* Pl.'s Mem. Opp'n 4, 15), Plaintiff makes no argument with respect to the proposed amendments to Defendant's affirmative defenses.  Accordingly, Defendant's motion as it relates to the affirmative defenses is granted as unopposed.

Plaintiff opposes Defendant's first three counterclaims, which allege breaches of fiduciary duty oand aiding and abetting the same, on the ground that they are barred by a three-year statute of limitations.  (Pl.'s Mem. Opp'n 9-12).  Although Defendant contends that the limitations period is longer (Def.'s Reply Mem. 3-6), the Court need not resolve that dispute now, as Defendant has demonstrated that its claims are timely even if the shorter period applies (*id.* at 7-8).  Pursuant to Section 203(d) of the New York Civil Practice Law and Rules, "[a] defense or counterclaim is not barred if it was not barred at the time the claims asserted in the complaint were interposed." N.Y. C.P.L.R. § 203(d).  There is some authority for the

proposition that this provision does not apply where, as here, the counterclaim is first raised in an amended pleading.  *See, e.g.*, *Coleman, Grasso & Zasada Appraisals v. Coleman*, 667 N.Y.S.2d 828, 829 (App. Div. 3d Dep't 1998); *Am. Stock Exch., LLC v. Mopex, Inc.*, 230 F. Supp. 2d 333, 336 (S.D.N.Y. 2002).  The Court agrees with Judge Keenan and Justice Kehoe, however, that, on a plain reading of the statute, Section 203(d) does apply.  *See Sea Trade Co. Ltd. v. FleetBoston Fin. Corp.*, No. 03 Civ. 10254 (JFK), 2006 WL 2786081, at *3 (S.D.N.Y. Sept. 26, 2006); *Joseph Barsuk, Inc. v. Niagara Mohawk Power Corp.*, 722 N.Y.S.2d 456, 457 (App. Div. 4th Dep't 2001) (Kehoe, J., dissenting).

    Here, because the initial complaint was filed on July 2, 2012 (*see* Docket No. 1), Defendant's counterclaims would be timely even under a three-year statute of limitations if they accrued after July 2, 2009.  Significantly, under New York law — which the parties agree applies (*see generally* Pl.'s Mem. Opp'n (making arguments only under New York law); Def.'s Reply Mem. (same)) — the statute of limitations is tolled for claims arising out of relationships between a professional and a client "until the ongoing representation is completed."  *Shumsky v. Eisenstein*, 96 N.Y.2d 164, 167-68 (2001) (internal quotation mark omitted).  The rationale behind this "continuous representation" doctrine is "that a person seeking professional assistance has a right to repose confidence in the professional's ability and good faith, and realistically cannot be expected to question and assess the techniques employed or the manner in which the services are rendered," and would be confronted with a "dilemma if required to sue the attorney while the latter's representation on the matter at issue is ongoing."  *Id.* at 167 (internal quotation marks omitted).  Applying the doctrine here, Defendant's allegations would suffice to survive a Rule 12(b)(6) motion, as Plaintiff concedes that Defendant alleges work or acts of disloyalty relating to all three counterclaims through December 2009.  (*See* Pl.'s Mem. Opp'n 11).  These

allegations are plainly sufficient to raise a question of fact as to whether the statute of limitations was tolled, which is all that is required to defeat a motion to dismiss.

Next, Plaintiff opposes Defendant's third proposed counterclaim, alleging a breach of fiduciary duty in connection with Plaintiff's dual representation of Defendant and the Brandts in shareholder litigation in 2009, on the ground that it fails to allege "why the described representation involved a conflict and how such alleged conflict injured Trans-Lux." (Pl.'s Mem. Opp'n 13). The former argument is without merit, as Defendant alleges the existence of a fiduciary relationship and a breach of the duties of loyalty and honesty. (PAA ¶¶ 43-51). As for the latter, the New York Court of Appeals has held that damages are not

> an essential requirement for a cause of action founded on a breach of fiduciary duty[ ] . . . because the function of such an action, unlike an ordinary tort or contract case, is not merely to compensate the plaintiff for wrongs committed by the defendant but, . . . "to Prevent them, by removing from agents . . . all inducement to attempt dealing for their own benefit in matters which they have undertaken for others."

*Diamond v. Oreamuno*, 24 N.Y.2d 494, 498 (1969) (quoting *Dutton v. Willner*, 52 N.Y. 312, 319 (1873)); *see also, e.g.*, *Zackiva Commc'ns Corp. v. Horowitz*, 826 F. Supp. 86, 88 (S.D.N.Y. 1993) ("It is well established that to state a claim for breach of fiduciary duty, a [party] need not allege damages to itself."). As a result, "an attorney who [breaches her fiduciary duty] may be required to disgorge any ill-gotten gain even if the plaintiff sustains no direct economic loss." *Schweizer v. Mulvehill*, 93 F. Supp. 2d 376, 401 (S.D.N.Y. 2000).[2]

---

[2] The New York Court of Appeals decision in *Diamond* notwithstanding, some cases suggest that a party alleging breach of fiduciary duty must prove causation and damages, albeit under a relaxed "substantial factor" standard. *See, e.g.*, *Am. Fed. Grp., Ltd. v. Rothenberg*, 136 F.3d 897, 907 n.7 (2d Cir. 1998); *Milbank, Tweed, Hadley & McCloy v. Boon*, 13 F.3d 537, 542-44 (2d Cir. 1994). Because Plaintiff in this case did not cite these cases or any authority for the proposition that damages are required (let alone brief the issue), however, the Court reserves judgment on whether *Diamond* can or should be distinguished. The Court also reserves judgment on whether any of Defendant's fiduciary duty claims should be treated as legal malpractice claims, *see, e.g.*, *Kirk v. Heppt*, 532 F. Supp. 2d 586, 591-92 (S.D.N.Y. 2008);

Plaintiff also opposes Defendant's fourth and fifth proposed counterclaims, which allege that Plaintiff breached its fiduciary duty and was unjustly enriched by receiving excessive and improper fees. To state a claim for unjust enrichment, a party "must establish (1) that the [opposing party] was enriched; (2) that the enrichment was at the [claimant's] expense; and (3) that the circumstances are such that in equity and good conscience the [opposing party] should return the money or property to the [counterclaimant]." *Golden Pac. Bancorp v. F.D.I.C.*, 273 F.3d 509, 519 (2d Cir. 2001). Here, Defendant asserts that Plaintiff: (1) failed to provide sufficient information in its billing invoices — specifically the names, time spent, tasks performed, or billing rates — for its retainer and other work, such that its claimed fees are excessive and improper; (2) failed to apply the annual retainer to work performed, and instead billed separately and additionally for all work performed; and (3) that Plaintiff engaged in a "quid pro quo" relationship with the Brandts, helping the former directors secure a lucrative consulting agreement from Defendant in exchange for the Brandt's help securing excessive and improper fees. (*See* PAA 21-24). Accepting these facts as true, as the Court must, Defendant has plausibly alleged specific facts that Plaintiff was enriched at Defendant's expense, that "equity and good conscience" dictate that Plaintiff should return the fees, and that Plaintiff's actions, if true, would constitute a breach of its fiduciary duty to Defendant.[3]

Finally, Plaintiff opposes Defendant's sixth proposed counterclaim, seeking a declaratory judgment, as superfluous. As Defendant seeks no declaratory relief that would not be afforded by the resolution of other claims contained in the Amended Complaint or counterclaims, this

---

*Schweizer*, 93 F. Supp. 2d at 400 n.29, as Plaintiff fails to raise that argument (except indirectly in connection with its contention that a three year statute of limitations applies).

[3]     Plaintiff also opposes the fourth and fifth counterclaims as untimely "because they are based in substantial part upon allegations concerning the plaintiff's fees beginning in 1995." (Pl.'s Mem. Opp'n 14). As Defendant has alleged the charging of excessive fees through 2011, however, there is no basis to deny leave to file the proposed counterclaim altogether.

proposed counterclaim is indeed futile. *See Lorterdan Props. at Ramapo I, LLC v. Watchtower Bible & Tract Soc'y of N.Y., Inc.*, No. 11 Civ. 3656 (CS), 2012 WL 2873648, at *9 (S.D.N.Y. July 10, 2012) (dismissing a claim seeking a declaration of the same rights that would determined in other claims); *Niagara Falls Water Bd. v. City of Niagara Falls*, 881 N.Y.S.2d 763, 765 (App. Div. 4th Dep't 2009) (holding that under New York law, declaratory relief is "unnecessary and inappropriate [because] the [Defendant] has an adequate, alternative remedy in another form of action" (internal quotation marks omitted)).

## CONCLUSION

For the reasons discussed above, Defendant's Motion for Leave to File Amended Answer with Defenses and Counterclaims is granted in part and denied in part. Defendant may file an Amended Answer asserting the additional affirmative defenses and its first five proposed counterclaims. The Clerk of the Court is directed to terminate the motion (Docket No. 39).

In light of this decision, the Court grants the parties' request to extend the discovery deadlines in the case management plan. All discovery in the case will now close **July 19, 2013**. The Court will leave it to the parties to agree upon relevant interim discovery deadlines in the first instance. If the parties cannot agree on interim discovery deadlines, they may raise any disputes with the Court in accordance with the Court's Individual Rules.

The conference scheduled for June 10, 2013, is rescheduled for **July 22, 2013**, at 3:15 p.m. The case management plan otherwise remains in effect.

SO ORDERED.

Dated: May 21, 2013
New York, New York

_____
JESSE M. FURMAN
United States District Judge