```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 02/06/2014
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
 :
WEISMAN CELLER SPETT & MODLIN, P.C.,  :
 :
               Plaintiff, :     12 Civ. 5141 (JMF)
 :
      -v- :     MEMORANDUM OPINION
 :           AND ORDER
TRANS-LUX CORPORATION, :
 :
              Defendant. :
 :
------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

    Plaintiff Weisman Celler Spett & Modlin, P.C. ("Weisman Celler"), a New York-based law firm, brings this action against its former client, Defendant Trans-Lux Corporation ("Trans-Lux"), to recover amounts allegedly owed for professional services. (Am. Compl. (Docket No. 11) ¶¶ 6–8). In its Answer, Trans-Lux asserts five counterclaims: four for breaching, or aiding and abetting the breach of, a fiduciary duty; and one for unjust enrichment. Weisman Celler now moves to dismiss those counterclaims. For the reasons stated below, its motion is GRANTED in part and DENIED in part.

## BACKGROUND

    The following facts are taken from the Amended Complaint, the Counterclaims, and publicly available documents, and are assumed to be true for purposes of this motion. *See, e.g.*, *LaFaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009); *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir. 1991); *Ross Stores, Inc. v. Lincks*, No. 13 Civ. 1876 (SAS), 2013 WL 5629646, at *1 (S.D.N.Y. Oct. 4, 2013) (accepting as true, on a motion to dismiss a counterclaim, facts asserted in the complaint).

1

On July 2, 2012, Weisman Celler filed suit against Trans-Lux seeking the collection of approximately $600,000 in unpaid legal fees. (Compl. (Docket No. 1); Am. Compl. (Docket No. 11)). The suit seeks fees for services rendered from March 2008 through July 2010, including services in connection with the sale of a Trans-Lux division (Am. Compl. ¶¶ 29-37) and Weisman Celler's representation of Trans-Lux in a derivative shareholder action brought in 2009 (the "*Gabelli* litigation") (Am. Compl., Ex. A, at 1-3; *Id.*, Ex. B). The suit also seeks collection of unpaid monthly retainer fees. (Am. Compl. ¶¶ 38-46).

As noted, Trans-Lux asserts five counterclaims. The first three allege breach of fiduciary duty relating to: (1) Weisman Celler's role in the negotiation of a 2004 consulting agreement among Trans-Lux, Moving Images LLC, and one of Trans-Lux's directors, Richard Brandt (*id.* ¶¶ 18-31); (2) Weisman Celler's simultaneous representation of Trans-Lux and Trans-Lux directors in the *Gabelli* litigation (*id.* ¶¶ 40-52); and (3) allegedly excessive fees collected by Weisman Celler from 1995 to 2011 (*id.* ¶¶ 59-64). The fourth counterclaim is that Weisman Celler aided and abetted Richard Brandt in breaching his fiduciary duty to Trans-Lux in connection with the 2004 consulting agreement. (*Id.* ¶¶ 32-39). Finally, Trans-Lux alleges unjust enrichment based on the allegedly excessive fees collected through 2011. (*Id.* ¶¶ 53-58).

As this brief description makes clear, both the claims and counterclaims in this case relate in part to the *Gabelli* litigation. In that case, a shareholder derivative action, the plaintiffs alleged that the individual directors of Trans-Lux — Richard, Matthew, and Thomas Brandt (the "Individual *Gabelli* Defendants") — breached their fiduciary duties to Trans-Lux and its shareholders. (Def.'s Am. Ans. With Defenses and Counterclaims (Docket No. 52), at 10 ("Counterclaims") ¶ 15). Weisman Celler represented both Trans-Lux and the Individual *Gabelli* Defendants in the case, which settled in 2009. (*Id.* ¶¶ 16, 43-44). As part of the

settlement agreement, the Brandts agreed to resign their positions as board members. (*Id.* ¶ 16). The Honorable Kenneth M. Karas of this Court approved the settlement agreement on September 16, 2009 (09 Civ. 830, Docket No. 18), and a slate of three new directors subsequently joined Trans-Lux's Board. (Counterclaims ¶ 18). In 2010, the new president of Trans-Lux fired Weisman Celler as the company's general counsel. (*Id.* ¶ 17).

Weisman Celler now moves to dismiss Trans-Lux's counterclaims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Docket No. 57), principally arguing that they are barred by a release Trans-Lux executed to resolve the *Gabelli* litigation (the "Release") (Mem. of Law Supp. Plaintiff/Counterclaim-Defendant's Mot. Dismiss (Docket No. 59) ("Weisman Celler Mem.") 7-13; Reply Mem. of Law Further Supp. Plaintiff/Counterclaim-Defendant's Mot. Dismiss (Docket No. 63) ("Weisman Celler Reply Mem.") 1-8). Weisman Celler also argues that the fiduciary duty counterclaims fail because Trans-Lux has not adequately pleaded causation and damages. (Weisman Celler Mem. 13-16; Weisman Celler Reply Mem. 8-10).

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion, a counterclaim-plaintiff must generally plead sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ross Stores, Inc.*, 2013 WL 5629646, at *2 (applying ordinary motion to dismiss standards to counterclaims). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). More specifically, the counterclaim-plaintiff must allege sufficient facts to show "more than a sheer possibility that a [counterclaim-]defendant has acted unlawfully." *Id.* A counterclaim that

3

offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Further, if the counterclaim-plaintiff has not "nudged [his or her] claims across the line from conceivable to plausible, [the counterclaim] must be dismissed."  *Id.* at 570.

## DISCUSSION

As noted, Weisman Celler's principal argument is that the counterclaims are barred by the Release that Trans-Lux executed in resolving the *Gabelli* litigation.[1]  To the extent relevant here, the Release provides that "the Trans-Lux Defendants" (defined in the settlement agreement to include both Trans-Lux itself as well as the Individual *Gabelli* Defendants),

> as RELEASORS, release and discharge Plaintiff Gabelli Funds LLC, the Gabelli Parties, *and each of the other defendants, as RELEASEES, and RELEASEES' respective . . . agents, heirs, executors, administrators, successors and assigns, fiduciaries and/or other legal representatives*, from all . . . claims and demands whatsoever, in law, admiralty or equity, known or unknown, which the RELEASORS ever had, now have or hereafter can, shall or may have for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to [June 22, 2009]. . . .  This release does not include any claims or rights of Releasor arising under this Agreement or any claims by Michael Mulcahy arising under his Employment Agreement with Trans-Lux or by Richard Brandt or Moving Images, LLC arising under the Consulting Agreement between Trans-Lux and Moving Images, LLC.

(Declaration of Howard S. Modlin Supp. Pl.'s Mot. Dismiss (Docket No. 58), Ex. C ("Settlement Agreement") 1, 11-12, & ¶ 7(b) (emphasis added)).  On its face, therefore, the Release plainly

---

[1] Trans-Lux argues that the Court may not consider the Release on a motion to dismiss (Trans-Lux Mem. 5-6), but that argument is frivolous.  First, the Court may consider documents incorporated by reference in a complaint, *see, e.g.*, *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002), and the Release is arguably incorporated by reference in the Answer and Counterclaims insofar as they refer to the settlement of the *Gabelli* litigation.  (Counterclaims ¶ 16).  In any event, the Court may take judicial notice of public records, including court filings, *see, e.g.*, *Schubert v. City of Rye*, 775 F. Supp. 2d 689, 698 (S.D.N.Y. 2011); *In re DDAVP Indirect Purchaser Antitrust Litig.*, 903 F. Supp. 2d 198, 209 (S.D.N.Y. 2012), and the Release was made publicly available in connection with Judge Karas's approval of the settlement.  (*See* 09 Civ. 830, Docket No. 12, Ex. A).  Thus, the Court may — and does — consider the Release to "not to prove the truth of [its] contents but . . . to determine what the document[] stated."  *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir. 1991).

releases Weisman Celler from claims asserted by Trans-Lux. It releases "each of the other defendants" — as well as their agents — from all claims asserted by Trans-Lux "from the beginning of the world" to June 22, 2009. The "other defendants" includes the Individual *Gabelli* Defendants (*see* Settlement Agreement 1), and Weisman Celler represented the Individual *Gabelli* Defendants. (Counterclaims ¶ 44). Accordingly, Weisman Celler is an "agent" of "the other defendants," and is released from all claims brought by Trans-Lux through June 22, 2009.

Trans-Lux's argument that the term "agents" is ambiguous and should not be resolved on this motion to dismiss is meritless. (Trans-Lux Mem. 6-7). Under New York law, courts must "discern the intent of the parties to the extent their intent is evidenced by their written agreement," and "[w]here the intention of the parties is clearly and unambiguously set forth, effect must be given to the intent as indicated by the language used." *Olin Corp. v. Consol. Aluminum Corp.*, 5 F.3d 10, 15 (2d Cir. 1993) (internal quotation marks omitted). New York courts have consistently held that the term "agents" includes a party's attorneys, and there is no basis to deviate from that interpretation here. *See, e.g.*, *Blum v. Perlstein*, 851 N.Y.S.2d 596, 597 (2d Dep't 2008) (dismissing an action against a law firm where the law firm "demonstrated that the release applied to them, as they represented the releasee, and the plaintiff discharged the releasee and its 'agents' from liability"); *Berkowitz v. Fischbein, Badillo, Wagner & Harding*, 777 N.Y.S.2d 99, 101-02 (1st Dep't 2004) (holding that an amended complaint against a law firm of the plaintiff's partner should have been dismissed where the release discharged the partner and his agents in actions brought by plaintiff, explaining that "[b]ecause the . . . firm represented [the plaintiff's partner] in negotiating the buyout agreement, [the firm] was [the partner's] agent and is thus immunized from liability under the terms of the release"); *Argyle Capital Mgmt. Corp. v.*

*Lowenthal, Landau, Fischer & Bring, P.C.*, 690 N.Y.S.2d 256, 257 (1st Dep't 1999) (affirming a motion to dismiss the complaint where "the reference to agents in the release includes . . . counsel for the parties"); *cf. Sibersky v. Borah, Goldstein, Altschuler & Schwartz, P.C.*, No. 99 Civ. 3227 (JGK), 2000 WL 1448635, at *4 (S.D.N.Y. Sept. 28, 2000) (finding ambiguity in the term "agents," but only because two conflicting stipulations were signed within days of each other, one of which specifically excluded the defendant attorneys).

   The Court also rejects Trans-Lux's contention that the Release is somehow invalid because Weisman Celler represented the releasor (Trans-Lux) as well as the releasee (Weisman Celler). (Trans-Lux Mem. 7-9). Once again, the language in the Release unambiguously releases the agents of the Individual *Gabelli* Defendants from claims brought by Trans-Lux, and Weisman Celler is such an agent. Trans-Lux seems to argue that a corporation cannot, as a matter of law, discharge its own attorneys from liability, but none of the cases it cites support that proposition. *See Blum*, 851 N.Y.S.2d at 597; *Hugar v. Damon & Morey LLP*, 856 N.Y.S.2d 434, 435 (2d Dep't 2008) (affirming dismissal of a breach of fiduciary duty and malpractice suit where the defendant attorneys were protected by a covenant not to sue contained in a settlement agreement); *Coby Grp., LLC v. Kriss*, No. 0111818/2008, 2008 WL 2693111 (N.Y. Sup. Ct. June 27, 2008) (granting summary judgment against a plaintiff that asserted claims against its former attorney where the claims were barred by release). Moreover, such settlements are entirely understandable in the context of a derivative action such as the *Gabelli* litigation, as they can "bring an absolute end to all disputes no matter who may be controlling the corporation in the future." (Weisman Celler Reply Mem. 6). Accordingly, the release bars all of Trans-Lux's claims that arose through June 22, 2009.

Two of Trans-Lux's claims, however, allegedly arose after June 22, 2009: the claims for unjust enrichment and breach of fiduciary duty based on improper and excessive fees. (Counterclaims ¶¶ 53-64). In particular, Trans-Lux claims that Weisman Celler (1) failed to provide it with sufficient information in its billing invoices for its retainer and other work; (2) failed to apply its annual retainer to work performed, instead billing separately and additionally for all such work; and (3) engaged in a "quid pro quo" arrangement with Richard Brandt, whereby Weisman Celler helped Richard Brandt secure the consulting arrangement in exchange for Brandt's assistance in securing excess and improper fees for Weisman Celler. (Counterclaims ¶¶ 55-57; 61-63; *see also* Mem. Opinion & Order (Docket No. 51) 6). More relevant for present purposes, Trans-Lux alleges that Weisman Celler collected these fees through 2011. (Counterclaims ¶¶ 54, 60). As the Release only discharges Weisman Celler from claims that arose through June 22, 2009, it does not bar claims that allegedly arose after that date.

Significantly, Weisman Celler raises no argument in its motion to dismiss with respect to the unjust enrichment counterclaim other than that it is barred by the Release (*see* Weisman Celler Mem. 13-16; Weisman Celler Reply Mem. 8-10); accordingly, that counterclaim survives. Weisman Celler does seek dismissal of the fiduciary duty counterclaim on the alternative ground that Trans-Lux fails to adequately plead causation and damages. (Weisman Celler Mem. 13-16; Weisman Celler Reply Mem. 9-10). But Trans-Lux is not required to plead proximate causation and damages with respect to the fiduciary duty counterclaim based on improper and excessive fees, as it relates "not to the manner in which an attorney pursued the underlying case, but rather the manner in which an attorney interacted with his clients." *Kirk v. Heppt*, 532 F. Supp. 2d 586, 592 (S.D.N.Y. 2008) (internal quotation marks and alterations omitted) (quoting *Schweizer v. Mulvehill*, 93 F. Supp. 2d 376, 400 n.29 (S.D.N.Y. 2000)); *see also Ulico Cas. Co. v. Wilson*,

7

*Elser, Moskowitz, Edelman & Dicker*, 843 N.Y.S.2d 749, 757 (N.Y. Sup. Ct. 2007), *aff'd as modified*, 865 N.Y.S.2d 14 (1st Dep't 2008).  Instead, Trans-Lux must simply allege (1) the "existence of a fiduciary relationship and (2) breach of a fiduciary duty," *Official Comm. of Asbestos Claimants of G-I Holding, Inc. v. Heyman*, 277 B.R. 20, 37 (S.D.N.Y. 2002), which it has done by alleging the existence of an attorney-client relationship, *see Estate of Re v. Kornstein Veisz & Wexler*, 958 F. Supp. 907, 924 (S.D.N.Y. 1997), and by claiming that Weisman Celler engaged in improper billing practices, *see, e.g.*, *Reiver v. Burkhart Wexler & Hirschberg, LLP*, 901 N.Y.S.2d 690, 691 (2d Dep't 2010) (denying motion to dismiss fiduciary duty claim where plaintiffs alleged that attorneys charged excessive fees); *Kirk*, 532 F. Supp. 2d at 592 (permitting fiduciary claim to survive motion to dismiss based on attorney's alleged misuse of client's retainer).  Accordingly, those two counterclaims survive, but only to the extent that they arose after June 22, 2009.

## CONCLUSION

For the reasons stated above, Trans-Lux's counterclaims are dismissed, with the exception of the unjust enrichment and fiduciary duty counterclaims based on improper and excessive fees arising after June 22, 2009.  The Clerk of Court is directed to terminate Docket No. 57.

Per the Court's Order of July 30, 2013 (Docket No. 62), all discovery shall be completed within six weeks of the date of this decision.  In addition, the parties shall appear for a pretrial conference on **March 27, 2014**, at **4:15 pm** in Courtroom 1105 of the Thurgood Marshall Courthouse, 40 Centre Street, New York, New York 10007.  By **Thursday of the week prior to that conference**, the parties shall file on ECF a joint letter, not to exceed three (3) pages, regarding the status of the case.  The letter should include the following information in separate

paragraphs: (1) A statement of all existing deadlines, due dates, and/or cut-off dates; (2) A brief description of any outstanding motions; (3) A brief description of the status of discovery and of any additional discovery that needs to be completed; (4) A list of all prior settlement discussions, including the date, the parties involved, and the approximate duration of such discussions, if any; (5) A statement of the anticipated length of trial and whether the case is to be tried to a jury; (6) A statement of whether the parties anticipate filing motions for summary judgment; and (7) Any other issue that the parties would like to address at the pretrial conference or any information that the parties believe may assist the Court in advancing the case to settlement or trial.

SO ORDERED.

Dated: February 6, 2014
      New York, New York

_____
JESSE M. FURMAN
United States District Judge